IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHNNIE L. SIMMONS, JR. :
:
               Petitioner, : CIVIL ACTION NO. 16-4068
:
  v. :
:
GARMAN, THE DISTRICT ATTORNEY :
OF THE COUNTY OF PHILADELPHIA, :
and THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
:
               Respondents. :

## ORDER

**AND NOW**, this 19th day of May, 2017, after carefully considering the petition for habeas corpus under 28 U.S.C. § 2254 filed by the petitioner *pro se*, Johnnie L. Simmons, Jr. (Doc. No. 1), the supplemental petition in support of the petition for habeas corpus filed by the petitioner (Doc. No. 14), the response to the petition filed by the respondents (Doc. No. 16), the reply filed by the petitioner (Doc. No. 17), and United States Magistrate Judge Thomas J. Rueter's report and recommendation filed on February 14, 2017 (Doc. No. 18); and no party having filed written objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

    1.    The report and recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;[1]

---

[1] On March 15, 2017, after the petitioner filed no written objections to Judge Rueter's report and recommendation (the "R&R"), despite 30 days having passed since Judge Rueter filed it, the court adopted the R&R and dismissed the petition for writ of habeas corpus without prejudice to be refiled after the petitioner exhausts his state court remedies. *See* Order at 1-2, Doc. No. 20. On April 6, 2017, the petitioner filed a motion to reopen the time to file objections to the R&R in which he indicated that he was never served with notice of the R&R. *See* Mot. to Reopen the Time to File an Appeal/Objections Pursuant to Fed. R. App. P. 4(a)(b) at ECF pp. 1-2, Doc. No. 21. Accordingly, on April 24, 2017, the court granted the motion, reopened this case, and provided the petitioner until May 8, 2017, to file written objections to the R&R. *See* Order at 1-3, Doc. No. 22. Despite ten days having passed since the expiration of the deadline to file objections, the petitioner has not filed written objections to the R&R.

    Since neither party has filed objections to Judge Rueter's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the

2. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** to be refiled after the petitioner exhausts his state court remedies;

3. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

4. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Rueter's report for plain error and has found none.